# EXHIBIT A

Filing # 88336323 E-Filed 04/22/2019 04:06:51 PM

## RETURN OF SERVICE

State of Florida                County of DADE                Circuit Court

Case Number: 2019-006053-CA-01

Plaintiff:
**ANNETTE PADILLA**

vs.

Defendant:
**COMPREHENSIVE HEALTH SERVICES,INC.**

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 17th day of April, 2019 at 11:09 am to be served on **COMPREHENSIVE HEALTH SERVICES,INC., REG,. AGENT CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, ANDREW KARP, do hereby affirm that on the **18th day of April, 2019** at **2:30 pm**, I:

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH EMPLOYEE OF CT CORPORATION SYSTEM** at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** as registered agent for **COMPREHENSIVE HEALTH SERVICES,INC., REG,. AGENT CT CORPORATION SYSTEM**, and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE. 92.525.

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2019006213

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h



Filing # 87662727 E-Filed 04/09/2019 08:52:33 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ANNETTE PADILLA,

    Plaintiff,

v.

Case No.: 2019-006053-CA-01

COMPREHENSIVE HEALTH SERVICES, INC,
a Foreign Profit Corporation

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**TO: COMPREHENSIVE HEALTH SERVICES, INC** through its Registered Agent:

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET. STE. 2200
    MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

4/12/2019

CLERK      DATE

(BY) DEPUTY CLERK

Filing # 85472885 E-Filed 02/25/2019 06:34:54 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Annette Padilla</u>
Plaintiff
          vs.
<u>Comprehensive Health Services, Inc</u>
Defendant

**II.  TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

III. **REMEDIES SOUGHT** (check all that apply):
  ☒ Monetary;
  ☒ Non-monetary declaratory or injunctive relief;
  ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
  (Specify)

  4

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ Yes
  ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ No
  ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Nathaly Saavedra    FL Bar No.: 118315
  Attorney or party                                              (Bar number, if attorney)

  Nathaly Saavedra    02/25/2019
  (Type or print name)                                            Date

Filing # 85472885 E-Filed 02/25/2019 06:34:54 PM

|  | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY FLORIDA |
|---|---|

ANNETTE PADILLA

    Plaintiff,

CASE NO.:

v.

COMPREHENSIVE HEALTH SERVICES, INC
A foreign Profit Corporation

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ANNETTE PADILLA ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, COMPREHENSIVE HEALTH SERVICES, INC., ("Defendant"), and alleges:

1. This is an action by Plaintiff, for damages that exceed Fifteen Thousand Dollars ($15,000.00) exclusive of interests and costs to redress injury done to her as a result of Defendant's retaliatory discharge of her on the basis of her complaints of and objections to Defendant's illegal activity.

2. At all times material hereto, the Plaintiff resides in Miami, Florida.

3. At all times material hereto, the Defendant is a foreign profit company that owned and conducted business in one of their locations based in Miami-Dade County, Florida and an employee within the definition of the Florida's Private Sector Whistleblower's Act.

4. At all times material hereto, the incident giving rise to this complaint occurred in Miami, Florida.

5. Venue is proper in this Court pursuant to Florida's Private Sector Whistleblower's Act.

6. Plaintiff is an employee within the definition of the Florida's Private Sector Whistleblower's Act.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## GENERAL ALLEGATIONS

9. Plaintiff, was employed by Defendant from on or about March 2018 until September 28, 2018 as a travel chaperone.

10. At all times material hereto, Plaintiff and Defendant were engaged in an agreement that Plaintiff would be compensated at a rate of $17.00 per hour and was to receive and additional $4.18 per hour as a fringe benefit.

11. Plaintiff's position was a contract assignment for the United States Department of Health and Human Services (HHS) and was subject to the Service Contract Act (SCA).

12. Under the SCA, The Department of Labor requires that employees be paid a Fringe Rate in benefits for every hour charged of the affected contracts up to forty (40) hours weekly.

13. Under the contract assignment, Defendant is also required to comply with policies and requirements set by the Office Refugee Resettlement's (ORR), the U.S. Committee for Refugees and Immigrants (USCRI), the Division of Refugee Assistance (DRA) and other federal agencies.

14. Defendant is required to provide proper training to all employees. Each position has different duties and as such, the required training varies depending on the position.

15. Plaintiff complained about Defendant failing to pay the fringe rate for each of the hours worked. Specifically, Plaintiff emailed Human Resources as she had not received the additional pay but other employees had. However, no action was taken by Defendant.

16. Defendant requested Plaintiff to cover youth care worker shifts.

17. Plaintiff complained and objected to this request because she was not provided the training required by ORR's and USCRI's policies to be in that position.

18. Plaintiff requested that the training be provided before being placed and required to carry out the duties of a youth care worker but no actions were taken by management.

19. Shortly after Plaintiff's complaints, Plaintiff's hours were drastically reduced.

20. On or about September 28, 2018, Plaintiff was terminated without reason.

21. At all relevant times, Defendant was aware of Plaintiff's rights as an employee under Florida Laws and Regulations.

22. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful retaliation for whistleblower activity.

23. Defendant's adverse employment action towards Plaintiff was directly and proximately caused by Plaintiff's objections to Defendant's violations of ORR's, ACS', DRA's, and USCRI's policies and requirements.

## COUNT I
*Breach of Agreement*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–23 of this complaint as if set out in full herein.

25. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for fringe benefits in violation of the SCA policies and requirements.

26. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–23 of this complaint as if set out in full herein.

28. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

29. Defendant had knowledge of the services performed and provided and the benefit provided by Plaintiff.

30. Defendant accepted Plaintiff's services to Defendant.

31. Defendant retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all fringe benefits for each hour Plaintiff worked.

32. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

34. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

35. Defendant has knowledge of the services performed and provided by Plaintiff.

36. Defendant voluntarily accepted the services performed and provided by Plaintiff.

37. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all fringe benefits Plaintiff is entitled to.

38. Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Violation by Florida Private Sector Whistleblower's Act, Section 448.102.*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

40. At all times material hereto, the Employer/Defendant failed to comply with Florida's Private Sector Whistleblower's Act, Florida Statute Section 448.102, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

41. Plaintiff objected to and refused to participate in an illegal activity (Defendant failing to pay its employees the fringe rate required by the SCA and perform work regulated by federal policies without the required training).

42. The laws, rules, and regulations objected to include the Mcnamara –O'Hara Service Contract Act (SCA) and the policies and regulations established by ORR, ACS, DRA, and USCRI.

43. Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employment action by Defendant as a result of objecting to activities in violation to federal regulations.

44. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

45. Any alleged justified reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason, her objections to the aforementioned illegal activity.

46. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida's Private Sector Whistleblower's Act, Florida Statute section 448.102, protecting a person from retaliation for opposing illegal conduct.

47. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the Florida Whistleblower's Act.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to her objections to illegal activity.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

Dated: February 25, 2019                                   Respectfully submitted by:

/s/: *Nathaly Saavedra*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
ns@rgpattorneys.com
Carlos D. Serrano, Esq.
Fla. Bar No. 1010125
cs@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

Filing # 87662727 E-Filed 04/09/2019 08:52:33 AM

                                  IN THE CIRCUIT COURT OF THE
                                  11TH JUDICIAL CIRCUIT IN AND FOR
                                  MIAMI-DADE COUNTY, FLORIDA

ANNETTE PADILLA ,

    Plaintiff,

v.                                        Case No.: 2019-006053-CA-01

COMPREHENSIVE HEALTH SERVICES, INC,
a Foreign Profit Corporation

    Defendant(s).
_____/

## SUMMONS IN A CIVIL CASE

**TO: COMPREHENSIVE HEALTH SERVICES, INC** through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET. STE. 2200
        MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                            DATE


_____
(BY) DEPUTY CLERK

Filing # 87662727 E-Filed 04/09/2019 08:52:33 AM

|  | IN THE CIRCUIT COURT OF THE<br>11TH JUDICIAL CIRCUIT IN AND FOR<br>MIAMI-DADE COUNTY, FLORIDA |

ANNETTE PADILLA,

    Plaintiff,

v.                                                          Case No.: 2019-006053-CA-01

COMPREHENSIVE HEALTH SERVICES, INC,
a Foreign Profit Corporation

    Defendant(s).
_____/

## SUMMONS IN A CIVIL CASE

**TO: COMPREHENSIVE HEALTH SERVICES, INC** through its Registered Agent:

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET. STE. 2200
    MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

4/12/2019

CLERK                DATE

(BY) DEPUTY CLERK